Argued and submitted November 17, 1982, affirmed in part, reversed in part and remanded August 10, 1983

## CIRQUE PRODUCTIONS, INC.,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION,
*Respondent.*

(82-T-13; CA A24994)

667 P2d 578

John E. Frohnmayer, Portland, argued the cause for petitioner. With him on the brief was Tonkon, Torp, Galen, Marmaduke & Booth, Portland.

Mike Reynolds, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, William F. Gary, Solicitor General, and Daryl D. Wilson, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM.

**PER CURIAM.**

Petitioner, a dance company, appeals from a referee's decision that 31 persons who provided various services for petitioner during 1979, 1980 and the first nine months of 1981 were its employes rather than independent contractors under ORS 657.040 and that, therefore, petitioner was liable for unemployment compensation taxes on amounts paid to those persons. We report our decision in summary fashion. *Ponderosa Inn, Inc. v. Emp. Div.*, 63 Or App 183, 187, 663 P2d 1291 (1983).

We reverse as to West, Hallsted, Agins, Armos and Murr. Petitioner met its burden to prove that Hallsted, in her capacity as a dance teacher, and West were independent contractors under ORS 657.040. Although petitioner failed to prove that Agins, Armos and Murr were independent contractors, the referee found that petitioner paid unemployment tax on amounts paid to individuals it hired under Comprehensive Employment Training Act (CETA) contracts, and it is undisputed that these three individuals worked for petitioner only under CETA contracts. Petitioner need not again pay tax on amounts paid to them. We affirm as to the 26 other individuals and as to Hallsted in her role as a dancer.

Affirmed in part; reversed in part; and remanded for a determination of the taxes owed by petitioner in light of this opinion.